## PHILLIPS & CO. v. THE STATE.

NUISANCE. *Slaughter-house* `On public road.* In order to constitute a slaughter-house a nuisance to the travelers on a public road it must appear that a material obstruction or inconvenience is occasioned in the free and safe use of the road, and not merely to some individuals the smell is offensive.

Code cited: Sec. 4833.

### FROM HAYWOOD.

Appeal from the Circuit Court. G. B. BLACK, Judge.

H. B. FOLK for plaintiffs.

ATTORNEY-GENERAL HEISKELL for the State.

McFARLAND, J., delivered the opinion of the court.

The plaintiffs in error were presented and convicted of keeping a slaughter-house near a public road, and near the city of Brownsville, in such manner as to become a public nuisance. The proof does not show that the slaughter-house was near enough to be offensive to any of the residents of the city or the county adjoining while at their houses. But there is proof that the smell was offensive to some persons passing the road, and that horses sometimes scared or shied in passing.

For the defendants there is proof to show that no filth or offal was permitted to remain, that the house

was well kept, and the smell not offensive, or if at all, in a very slight degree. According to one witness the house was thirty or forty steps from the road. Another witness says he stepped it and it was sixty-one steps.

Defendant's counsel asked the judge to instruct the jury "that if they find that the defendants kept a slaughter-house for supplying the market with fresh meat, and on or near a public road, so that the smells necessarily arising from the same were occasionally offensive to some individuals in passing, this latter fact alone would not constitute a nuisance."

His honor refused this request, but in lieu thereof charged the jury "that if it was offensive to the smell or sight of any individuals or the public it would be a nuisance."

We think this was erroneous. It is not charged in the presentment that anything existed offensive to the sight, but that filth and offal was permitted to remain from which unhealthy and pernicious exhalations and vapors arise. That the smell of the slaughter-house was in some small degree offensive to one or two individuals in passing would certainly not, by the common law, constitute it a nuisance.

By the Code, sec. 4833, "the erecting, continuing, or using any building or other place for the exercise of a trade, employment, or manufacture, which, by occasioning noxious exhalations, offensive smells, or otherwise becomes injurious and dangerous to the health of individuals or the public is a nuisance, and may be abated accordingly."

Phillips *v.* The State.

It is clear that under this section it must appear that the place has become "injurious and dangerous to the health of individuals or the public," and not merely that the smell is somewhat offensive. By the next section it is enacted, "so, also, the causing or suffering any offal, filth or noisome substance to be collected or remain in any place to the prejudice of others . . . . is a nuisance."

As applied to the facts of this case, the rights of others, that are alleged to be prejudiced by the keeping of this slaughter-house, is the right to the free use of the public road passing near said house, and to show that the rights of the public or individuals are prejudiced, thereby it ought to appear that a material obstruction or inconvenience was occasioned in the free and safe use of the road, and not merely that to some individuals the smell was offensive.

For this error let the judgment be reversed and a new trial awarded.